# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

EDDIE LEE SELLERS, JR., )
)
    Plaintiff, )
)
v. ) Case No. CV416-303
)
OFFICER DAVID GRATTON and )
OFFICER JUSTIN JENKINS, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Inmate plaintiff Eddie Lee Sellers, Jr. brings this 42 U.S.C. § 1983 case against two police officers.[1] Doc. 6. His Statement of Claim (unedited, and in its entirety):

---

[1] He proceeds *in forma pauperis* (IFP) (doc. 5), so the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a plausible claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010).

> On the 21st day of July I was falsely accused and arrested for possession of firearm, reckless conduct and criminal trespass at 506B Emerald dr. That wasn't my home. I was visiting. Shanice Matthews was the owner of the house. Officer David Gratton with his assisting officer Justin Jenkins came without a warrant at about 10:15 p.m. searched the frigerator found a gun after pulling me and two other people out of the house. Comes out with it and say its mine which wasn't true. The owner Shanice Matthews asked about the warrant and it wasn't on hand. I was then transported to precient 2 where I received defected warrants consist of my name being wrong, birth date and also no notary and the search warrant was the same without the owners name on it.

Doc. 6 at 5.

Sellers "would like for justice to be served and I would like to be compensated for my pain and suffering and losses." Doc. 6 at 6 ("Relief"). He neglects to inform this Court, however, that he is being prosecuted for felony possession of a firearm by a convicted felon,

---

Thus, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Daker v. Bryson*, 2017 WL 242615 at * 3 (S.D. Ga. Jan. 19, 2017).

criminal trespass (misdemeanor) and reckless conduct (misdemeanor). *See* attached state court docket sheet.

That docket shows that he was indicted, which sinks any invalid-arrest claim (to the extent he may be said to raise one). "[T]he Supreme Court has held that probable cause is established by an indictment returned by a federal grand jury." *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997); *see also Park Manor Ltd. v. U.S. Dept. of Health and Human Services*, 495 F.3d 433, 437 (7th Cir. 2007) (finding 'an indictment establishes probable cause to believe the defendant [is] guilty of crime, and no more is required to justify instituting a criminal proceeding.')." *United States v. Anzaldi*, 2013 WL 393326 at * 4 (N.D. Ill. Jan. 31, 2013).

And his own allegations show that he has no standing to complain about a search of, and thus the privacy interest violated in, *someone else's* home. *See, e.g., Rakas v. Illinois*, 439 U.S. 128, 134 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."); *United States v. Garcia*, 741 F.2d 363, 366 (11th Cir. 1984) ("[M]ere presence in the apartment would not be enough to give

[Sellers] standing, for the precedents binding on this court require that an occupant other than the owner or lessee of an apartment demonstrate a significant and current interest in the searched premises in order to establish an expectation of privacy.").

Given its facial frivolity, plaintiff's Complaint must be **DISMISSED WITH PREJUDICE** with no re-pleading option warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the

defendants' immunity).[2] And because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).[3]

Meanwhile, plaintiff must pay his $350 filing fee. His furnished account information shows that he has had a $16.67 average monthly balance and $0.02 in monthly deposits in his prison account during the past three months. Doc. 7 at 1. He therefore owes a $3.33 initial partial

---

[2] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within 14 days of service affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

[3] Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C. § 1915, but must surmount § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A three-striker who fails to show "imminent danger" must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Short of that, the court dismisses the Complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee) shall set aside 20 percent of all future deposits from his account and forward same to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Sellers' account custodian immediately. In the event he is transferred to another institution, plaintiff's present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 24th day of February, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



# CHATHAM COUNTY, GA
# Eastern Judicial Circuit of Georgia

Home   Juvenile Court   Magistrate Court   Probate Court   Recorder's Court   State Court   Superior Court   Court Forms   Court Fees

February 24, 2017     Location: Case Details                                    Search...

**CASE LOOKUP**

**COURT FORMS**

**COURT FEES**

**MAP & DIRECTIONS**

**JURY SERVICES**

**SITE SEARCH**

## Case Details

State
VS.
SELLERS, EDDIE LEE JR

- Case Events
- Charges
- Parties
- Proceedings

### Case Information

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR161797 |
| Case Type: | POSS WEAPON/CONV FELON |
| Judge: | JUDGE WALMSLEY |
| Assistant District Attorney: | NANCY GREY SMITH |
| Date Filed: | 9/20/2016 |
| Status: | ACTIVE - |
| Next Event: | 4/20/2017 ARRAIGN/TRIAL DOCKET CALL |

### Defendant Information

| | |
|---|---|
| Name: | SELLERS, EDDIE LEE JR |
| DIN: | S5015185 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 70 |
| Weight: | 150 |
| Eyes: | BROWN |
| Hair: | BLACK |

### Attorney Information
IAN PUCZKOWSKI
PUBLIC DEFENDER"S OFFICE
SAVANNAH, GA
31412

### Bondsman Information
N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 4/20/2017 | 09:00AM | ARRAIGN/TRIAL DOCKET CALL | WALMSLEY | |
| 12/5/2016 | 11:00AM | ARRAIGNMENT | WALMSLEY | ARRAIGNMENT |
| 10/24/2016 | 10:00AM | ARRAIGNMENT/CALENDAR CALL | WALMSLEY | |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-11-131 | POSSESS FIREARM BY CONVICTED FELON | 1 | FELONY | 7/22/2016 1:25:11 AM | |
| 16-5-60(B) | MISDEMEANOR RECKLESS CONDUCT | 1 | MISDEMEANOR | 7/22/2016 1:25:47 AM | |
| 16-7-21 | CRIMINAL TRESPASS | 1 | MISDEMEANOR | 7/22/2016 1:26:18 AM | |

[Return to Top]

### Proceedings

| | | | | | |
|---|---|---|---|---|---|
| 4/20/2017 | 09:00AM | ARRAIGN/TRIAL DOCKET CALL | | WALMSLEY | |
| 1/13/2017 | | SCHEDULING ORDER | | | |
| 12/5/2016 | 11:00AM | ARRAIGNMENT | ARRAIGNMENT | WALMSLEY | |
| 11/3/2016 | | BOND ORDER | | | DENIED/ |
| 10/31/2016 | | PETITION FOR BOND/NISI | | | FELICIA SPEARS/ |
| 10/24/2016 | 10:00AM | ARRAIGNMENT/CALENDAR CALL | | WALMSLEY | |
| 10/13/2016 | | ENTRY OF APPEARANCE | | | FELICIA SPEARS/ |
| 10/13/2016 | | DEFENDANTS ELECTION TO PROCEED UNDER OCGA 17-16-1 | | | |

| 9/30/2016 | | PRO SE LETTER RECEIVED | | | |
|---|---|---|---|---|---|
| 9/23/2016 1:46:41 PM | | SCN | | | INITIAL CASE SCREENING / SCANNING |
| 9/20/2016 | | INDICTMENT | | | COURT APPOINTMENT STILL IN EIP STATUS PER KEONDRA |

[Return to Top]

Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees

© Copyright 2017 - Chatham County Courts